UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OLYMPIA MINERALS LEASING LLC** | : | **DOCKET NO. 2:22-cv-05754** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **J-LU LTD CO LLC, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel and Motion for Status Conference [doc. 16] filed by plaintiff Olympia Minerals Leasing, LLC. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. For reasons set forth below, the court finds the motion should be **GRANTED**.

### I.
### BACKGROUND

Plaintiff filed suit against defendants J-Lu Ltd Co LLC and James Michael Roberson in the 36th Judicial District court, Beauregard Parish, Louisiana. Doc. 1, att. 2. Defendants removed the matter to this court on the basis of diversity jurisdiction. Doc. 1.

Plaintiff served its first set of discovery upon both defendants on April 4, 2024. Doc. 18. Plaintiff granted defendants a fourteen-day extension of time to respond to the discovery requests. Doc. 16, p. 2. Defendant J-Lu sent "incomplete" responses through a company representative, not its attorney. *Id.* Defendant Roberson has provided no response. *Id.* Despite receiving assurances from defense counsel that the discovery responses were forthcoming, plaintiff has yet to receive formal responses through counsel of record. *Id.*

Additionally, plaintiff has been requesting dates for the depositions of defendants since April 4, 2024. *Id.* at p. 1. Plaintiff claims defendants "have refused to make themselves available for depositions." *Id.* In its motion, plaintiff notes defendants seemed nonresponsive to prior[1] defense counsel. *Id.* at p. 2.

Plaintiff now seeks an order from this court compelling defendants to respond to plaintiff's discovery requests and to make themselves available for depositions. Doc. 16. Plaintiff also asks the court to hold a status conference to discuss extending its expert report deadline and dispositive motion deadline. *Id.* at p. 3.

When plaintiff filed the instant motion, counsel of record for defendants ("withdrawing attorneys") were seeking to have new counsel substituted in their place. Doc. 15. While they remained counsel of record, withdrawing attorneys filed a response to the instant motion within the deadlines set by the Notice of Motion Setting [doc. 19] informing the court that new counsel had been retained and that the withdrawing attorneys were unaware of the status of the discovery sought by plaintiffs. Doc. 20. The court then granted the motion to substitute defense counsel [doc. 15] and set new response and reply deadlines to afford newly enrolled defense counsel a chance to oppose the motion. Doc. 21. That deadline has run, and no opposition was filed. The court will therefore treat the motion as unopposed.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or

---

[1] When the instant motion was filed, a joint motion seeking to substitute new defense counsel was already pending before the court. Doc. 15. Plaintiff's counsel conferred with counsel of record, *i.e.*, the attorneys seeking to be removed from the case, for the Rule 37 conference. Doc. 16, p. 2; doc. 20.

discovery." Additionally, a party may move for an order specifically compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). The party resisting discovery has the burden of proving the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Defendants J-Lu Ltd Co LLC and James Michael Roberson failed to file an opposition to the instant motion within the time period allowed under the Court's Notice of Motion Setting [doc. 19, as amended by doc. 21]. Accordingly, J-Lu Ltd Co LLC and James Michael Roberson have not met their burden to show how the discovery sought is irrelevant or otherwise objectionable. *See Clark v. Schlumberger Tech. Corp.*, No. 18-CV-93, 2019 WL 13253890, at *2 (W.D. Tex. Oct. 30, 2019) (citing *Quarles*, 894 F.2d at 1485)). Accordingly, the court grants the motion on the merits. The court does not see any reason not to award plaintiff attorney's fees and costs.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel and Motion for Status Conference [doc. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants J-Lu Ltd Co LLC and James Michael Roberson shall appear for depositions within 30 days of the signing of this order.

**IT IS FURTHER ORDERED** that defendants J-Lu Ltd Co LLC and James Michael Roberson shall respond fully to plaintiff's first set of discovery requests [doc. 18]. These responses are due within 10 days of the signing of this order.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney's fees, is awarded against J-Lu Ltd Co LLC and James Michael Roberson pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that, within 10 days of the signing of this order, plaintiff shall file into the record a statement of fees and costs incurred in filing this motion, which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed the services, and the hourly rate applied to those hours. Defendants may submit a response to these documents within 7 days after they are filed into the record.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephone conference before the undersigned on July 31, 2024, at 2:00 p.m. Counsel are to call the Chambers Teleconference Line at 877-336-1274, Access Code 7066014.

THUS DONE AND SIGNED in Chambers this 26th day of July, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE