UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **OLYMPIA MINERALS LEASING L L C** | **CASE NO.  2:22-CV-05754** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **J-LU LTD CO L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the Court is a "Motion for Summary Judgment" (Doc. 22) filed by Plaintiff, Olympia Minerals Leasing, LLC ("Olympia") against Defendant, J-LU LTD CO LLC ("J-LU"). No opposition has been filed, and the time for doing so has lapsed.[1]

**FACTUAL STATEMENT**

Effective April 14, 2011, Olympia, a sublessor, granted a Partial Sublease of Oil, Gas, and Mineral Lease to J-LU (the "Sublease") as to 480 acres in Beauregard Parish (the "Subleased Premises").[2] The Olympia Sublease obligated J-LU to properly plug and abandon certain wells located on the Subleased Premises.[3] Specifically, the Sublease required J-LU to properly plug and abandon well within 90 after commercial production ceased.[4]  If the Sublessee (Ju-Le) failed to timely comply, it is obligated to pay a $250 per day damage fee for each well,  each day after the expiration of the 90-day period.[5]

Three wells relevant to this lawsuit are as follows:

---

[1] See Notice of Motion setting, Doc. 23.
[2] Plaintiff's exhibit A-1.
[3] *Id.*
[4] *Id.*
[5] *Id.*

1. Boise Southern A#3, API No. 17-011-20684, Well Serial No. 195626, in Section 16, T7S-R11W, Beauregard Parish, La. (the "Boise A#3");

2. Boise Southern No. 2, API No. 17-11-20295, Well Serial No. 157569, in Section 17, T7S-R11W, Beauregard Parish, La. (the Boise No. 2");

3. Boise Southern No. A-4, API No. 17-011-20643, Well No. 191649, in Section 17, T7S-R11W, Beauregard Parish, La. (the "Boise A-4").

The Boise No. 2 Well has not produced since July 1, 2020.[6] The Boise No. 2 Well has not been plugged and abandoned.[7] The Boise A-4 has not produced since October 1991, and has not been plugged and abandon.[8]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This

---

[6] Plaintiff's exhibits A and A-2.
[7] *Id.*
[8] Plaintiff's exhibits A and A-3.

requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Olympia seeks judgment in it favor and against Ju-LU, finding that J-LU breached the Sublease by failing to properly plug and abandon non-producing wells on the Subleased Premises and awarding Olympia damages in the amount of two hundred fifty dollars ($250.00) per day per well for each day of non-compliance.

Here, the Sublease provides a stipulated damages provision. Olympia submits discovery responses by Ju-LU admitting that the Boise No. 2 and Boise A-4 ceased production in commercial quantities for a period in excess of 120 days, and J-LU has not

properly plugged and abandoned these wells.[9] Additionally, Louisiana Department of Energy and Natural Resources ("LDNR") records confirm that the Boise No. 2 has not produced since July 1, 2002, and has not been properly plugged and abandoned.[10] The LDNR records also confirm that the Boise No. A-4 has not produced since 1991, and it has not been plugged and abandoned.[11] Because there are no genuine issues of material fact as to these two wells, the Court will grant Olympia Motion for Summary Judgment as to its stipulated damages claim.

Additionally, Olympia requests attorney fees and costs in connection with these proceedings and if granted, Olympia requests that it be permitted to establish that amount by motion to be entered within 14 days of the Court's entry of partial summary judgment. Olympia informs the Court that the Sublease entitles Olympia to recover from J-LU reasonable attorney fees and court costs.[12] As such, the Court finds that Olympia is entitled to its reasonable attorney fees and court costs.

---

[9] Plaintiff's exhibit B-1.
[10] Plaintiff's exhibit A-2 and A-3.
[11] *Id.*
[12] Plaintiff's exhibit A-1, § 22, p. 15.

## CONCLUSION

For the reasons explained herein, the Court will grant Olympia's Motion for Summary, as the Court finds that Ju-Lu is in breach of the Sublease, and Olympia is entitled to the $250.00 per day, per well stipulated damages, for each day of non-compliance. Additionally, Olympia may file a Motion for Attorney Fees and Costs within 14 days of this Ruling.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of September, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**