UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**OLYMPIA MINERALS LEASING L L C**          **CASE NO.  2:22-CV-05754**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**J-LU LTD CO L L C ET AL**                  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is a "Motion for New Trial" (Doc. 40) filed by Defendants, J-Lu Ltd. Co. LLC and James Michael Roberson.

## BACKGROUND AND PROCEDURAL HISTORY

The instant lawsuit involves a sublease of an oil, gas, and mineral lease, which obligated Defendant J-Lu Co., LLC ("J-Lu) to properly plug and abandon certain wells. Failure to do so resulted in monetary damages on a per-day basis.[1] Plaintiff, Olympia Minerals Leasing LLC ("Olympia") alleges that J-Lu breached the contract by failing to properly plug the wells that are no longer in production as required by the sublease agreement.

J-Lu is represented by counsel, who was substituted as counsel of record on July 9, 2024.[2] The dispositive motion deadline was set by the Court for July 23, 2024. On that same date, Olympia, filed a Motion for Summary Judgment[3] and a Notice of Motion Setting was issued to all parties.[4] Specifically, the Notice of Motion Setting was

---

[1] See Plaintiff's exhibit A-1, Doc. 22-4.
[2] Doc. 21.
[3] Doc. 22.
[4] Doc. 23.

electronically emailed to steve@harrelsonfirm.com and counsel's assistant betty@harrelsonfirm.com.

Olympia explains that after the Motion for Summary Judgment was filed, the Magistrate Judge's chambers held a scheduled status conference on July 30, 2024. However, because defense counsel for J-Lu did not appear, it was rescheduled for the next day.[5] Again, defense counsel did not appear. Consequently, the Court reset the status conference for August 5, 2024.[6] In his Minute Entry, the Magistrate Judge issued a warning to counsel for J-Lu of potential sanctions if he failed to appear.[7] On August 6, 2024, defense counsel appeared for the status conference and explained that he did not appear for the two previous status conferences because the electronic notices were in his "junk or spam folder." Olympia informs the Court that at the august 5, 2024 status conference, the Magistrate Judge warned counsel that he was responsible for ensuring that he was properly receiving notices.

Olympia notes that the Magistrate Judge's warning came after Olympia had filed its Motion for Summary Judgment and before J-Lu's opposition was due. Yet, J-Lu failed to file an opposition to Olympia's Motion for Summary Judgment that was due on August 14, 2024, and again claims that it did not receive the CM/ECF electronic notice of motion setting.

---

[5] Doc. 25.
[6] Doc. 27.
[7] *ID*.

On September 3, 2024, this Court granted Olympia's Motion for Summary Judgment,[8] and thereafter granted Olympia's Opposed Motion Amend and/or Clarify the previous unopposed Judgment to include a specific dollar amount or set forth the dates from which the penalties began to run.[9] The Amended Judgment did not change the substantive ruling by this Court that J-Lu was in breach of the sublease agreement and Olympia was entitled to a $250 per day penalty for each day of non-compliance based on the sub-lease agreement's stipulated damages clause.[10] On October 31, 2024, J-Lu, through counsel filed the instant Motion for New Trial to set aside the judgment.

## **LAW AND ANALYSIS**

J-Lu moves for a new trial because it did not file an opposition to the Plaintiff's Motion for Summary Judgment[11] or Motion to Clarify Judgment. Counsel for J-Lu explains that it did not receive notice of the Motion for Summary Judgment, even though J-Lu received electronic notice via CM/ECF (Pacer). J-Lu remarks that the notice must have gone to its "spam" or "junk folder." The Court notes that the electronic notice was received by both counsel for J-Lu and his assistant. The Court further notes that if counsel was not aware of the Motion due to the electronic notices going to his spam or junk folder, he certainly had a duty to check his spam folder considering that prior to the deadline for the Motion, the Magistrate Judge made counsel aware of his obligation to review the Court record and make sure he was receiving notices.

---

[8] Docs. 31 and 32.
[9] Doc. 38.
[10] *Id.* Docs. 31, 32, and 38.
[11] Doc. 22.

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *James River Ins. Co. v. Triad Affiliates, Inc.*, 2013 WL 1197235 at *1 (W.D. La. Mar. 25, 2013) citing *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). If a party seeks reconsideration of a partial summary judgment that has not been designated as final, then Rule 54(b) controls. *Cabral v. Brennan*, 853 F.3d 763 (5th Cir. 2017). The Supreme court has noted that although "[a] court has the power to revisit prior decisions of its own . . . courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Col Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)). Olympia argues that no such extraordinary circumstances apply here.

Courts have rejected the idea that "failure to receive notice" is a manifest injustice. See *Rollins v. Home Depot* USA, 8 F.4th 393 (5th Cir. 2021); *Ruello v. JPMorgan Chase Bank , N.A.*, 2022 WL 1470982 at *6 (E.D. La. May 10, 2022) (citing *Bender Square Partners v. Factory Mut. Ins. Co.*, 2012 WL 1952265 at * 4 (S.D. Tex. May 30, 2012); see also *Long v. James*, 667 Fed. Appx. 862 (5th Cir. 2016); *Onwuchekwe v. Okeke*, 404 F.Appx. 911 (5th Cir. 2010); *Trevino v. City of Fort Worth*, 944 F.3d 567(S.D. Tex. June 29, 2020) (Party alleged excusable neglect when counsel failed to register with CM/ECF and antivirus software diverted court emails to a spam folder).

Here counsel for J-Lu had a duty of diligence to inquire of the status of the case. *Lee v. D.R. Horton, Inc.-Gulf Coast*, 2022 WL 17543683 (M.D. La. Dec. 8, 2022). Counsel failed to do so even after being warned of such duty. Additionally, as to J-Lu's argument

that it was not allowed to oppose the Motion to Clarify, that Motion was issued as an *ex parte* motion, and it did not request a modification of the substance of the Judgment that resolved the original Motion for Summary Judgment. It only clarified the penalty commencement date contained in the Motion for Summary Judgment that J-Lu failed to oppose. Accordingly, for the reasons explained herein,

**IT IS ORDERED** that the Motion for New Trial (Doc. 40) filed by Defendants, J-Lu Ltd. Co. LLC and James Michael Roberson is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of December, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**