UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**OLYMPIA MINERALS LEASING LLC** : **DOCKET NO. 2:22-cv-05754**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**J-LU LTD CO LLC, ET AL.** : **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is plaintiff's Affidavit and Statement of Fees [doc. 61] filed pursuant to this court's Memorandum Order [doc. 60] granting plaintiff's second Motion to Compel [doc. 47]. Plaintiff has also previously filed a Motion for Order Setting Deadline to Pay Attorney's Fees. Doc. 51. For both matters, the time for response has passed with none being filed, making them ripe for resolution.

## I.
### BACKGROUND

On June 14, 2024, plaintiff filed its first Motion to Compel. Doc. 16. This court granted the motion and found plaintiff entitled to reasonable expenses incurred in filing the motion as mandated by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Doc. 24, p. 3. As directed, plaintiff filed a statement of fees supported by an affidavit of expenses. Doc. 30. This court, without receiving opposition from defendants, then determined that the amount proposed by plaintiff was reasonable and ordered defendants J-Lu Ltd Co LLC ("J-Lu") and James Michael Roberson, jointly, to pay plaintiff $2,780.00. Doc. 80.

On July 23, 2024, plaintiff filed a Motion for Partial Summary Judgment. Doc. 22. The motion was granted, including plaintiff's request for attorney's fees and costs pursuant to the terms

of the parties' mineral sublease agreement. Docs. 31, 32. Plaintiff subsequently filed a Motion for Attorney Fees. Doc. 33. This court granted the Motion for Attorney Fees, ordering J-Lu to pay plaintiff $6,257.00 in reasonable expenses. Doc. 37. J-Lu's motion to set aside the award [doc. 40] was denied [doc. 43].

On March 24, 2025, plaintiff filed its second Motion to Compel. Doc. 47. The court granted the motion, again finding it appropriate to award plaintiff reasonable expenses incurred in filing the motion as mandated by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Doc. 60, p. 2. Plaintiff filed a Statement of Fees supported by an affidavit of expenses and an itemization of the costs and fees. Doc. 61. Defendants were afforded seven days to respond to plaintiff's submission [doc. 60, p. 2], but did not do so. Determination of the reasonable amount of expenses, including attorneys' fees, due plaintiff is now before the court.

Before resolution of plaintiff's second Motion to Compel, plaintiff filed a Motion for Order Setting Deadline to Pay Attorney's Fees [doc. 51], seeking an order setting a deadline for defendants to pay the attorney's fees and expenses awarded by this court's previous orders [docs. 24, 37]. This motion also is now before the court.

## II.
### LAW AND ANALYSIS

**A. Fee Award for Second Motion to Compel**

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). As previously stated in the Memorandum Order, the court sees no reason not to grant plaintiff's request for attorney's fees and costs in connection with its second Motion to Compel. Doc. 60. In its affidavit and statement

of fees, plaintiff requests an award of $8,906.50 against J-Lu and Roberson for the time and resources expended on that motion. Doc. 61.

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). There is a strong presumption that an award calculated through the lodestar method is the reasonable fee. *Id.* To calculate the lodestar, the court needs to know the amount of time worked and hourly rates charged. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court must also determine whether the time worked and hourly rates are reasonable. *Id.* As the party seeking the expense award, plaintiff bears the burden of proving the reasonableness of the number of hours expended and the hourly rate. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

i. Hours Reasonably Spent

Plaintiff claims its attorneys David K. McCrory and Valerie V. Guidry spent 19.9 and 13.2 hours, respectively, on the second Motion to Compel. Doc. 61, p. 2. The timesheets submitted, however, reflect that plaintiff seeks to recover not only for the time associated with the second Motion to Compel [doc. 47], but also for time incurred reviewing discovery and discussing it with opposing counsel prior to the motion being prepared. Doc. 61, att. 1. Because Rule 37(a) only allows an award of fees and expenses "incurred in securing the order compelling discovery. . . [,] the reasonable hours recoverable under Rule 37 are limited to only those hours 'directly connected to the motion to compel.'" *Miller v. Danna*, No. CV 22-687, 2023 WL 35761, at *3 (E.D. La. Jan. 4, 2023) (footnotes & citations omitted); *see also RBC Bank (USA) v. Funk Fam. P'ship, Ltd. #2*, No. CA 11-0210-CG-C, 2011 WL 13136317, at *3 (S.D. Ala. Nov. 16, 2011) ("The rule does not provide for an award of 'expenses incurred in trying to obtain discovery responses before filing a

motion to compel[,]' or time spent 'conferring with [Defendants'] counsel about the discovery issues[.]'" (citations omitted)).

Thus, only the 15.4 hours expended by Mr. McCrory and the 10.2 hours expended by Ms. Guidry in direct connection with the second Motion to Compel are reasonable. The extra 4.5 and 3.0 hours, respectively, spent reviewing the initial discovery responses and communicating with opposing counsel regarding same before the March 17, 2025, Rule 37 conference[1] are not compensable under Rule 37(a) and will be deducted from the $8,906.50 requested.

## ii. Reasonable Hourly Rate

Plaintiff's counsel claims hourly rates of $295 per hour for Mr. McCrory and $230 per hour for Ms. Guidry. Doc. 61, p. 2. These hourly rates are reasonable considering each attorney's experience level and the customary fees fixed by their law firm.[2] *See Billy Navarre Chevrolet Inc. v. Gotham Ins. Co.*, No. 2:22-CV-02749, 2023 WL 6036357, at *2 (W.D. La. July 20, 2023) (finding rates of $375 per hour for a partner and $250 per hour for an associate reasonable); *Bertram v. Progressive Southeastern Ins. Co.*, No. 19-01478, 2021 WL 433976, at *5 (W.D. La. Feb. 8, 2021) (finding $350 per hour to be a reasonable and appropriate rate). Moreover, "'[i]f the hourly rate sought is not opposed, it is prima facie reasonable.'" *Alvarado v. Boyd Gaming Corp.*, No. 2:23-CV-00961, 2024 WL 4026027, at *2 (W.D. La. Aug. 28, 2024) (quoting *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 640026, at *2 (E.D. La. Feb. 15, 2024)); *see also Miller*, 2023 WL 35761 at *3 & n.15 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990)). Accordingly, the court

---

[1] *See Miller*, 2023 WL 35761 at *3 (compensating the movant for time spent participating in the Rule 37 conference).
[2] The affidavit states that both attorneys have over fifteen years of experience handling environmental contamination cases and that Ottinger Hebert, LLC's customary fee for attorneys at this level ranges from $270 to $350 per hour.

finds an award of $6,889.00³ is reasonable and should be awarded to plaintiff as attorney's fees and costs in connection with its second Motion to Compel [doc. 47].

**B. Deadline to Pay all Outstanding Attorney Fee Awards**

In its Motion for Order Setting Deadline to Pay Attorney Fees, plaintiff asks this court to establish a thirty-day deadline for the payment of the fees awarded to it for its first Motion to Compel and its Motion for Attorney Fees in relation to its partial summary judgment. Doc. 51. As this court has now awarded plaintiff fees in connection with its second Motion to Compel, that award will be included in this discussion.

As one court has aptly noted: "A trial court has considerable discretion in determining which of the available discovery sanctions is most appropriate in a particular situation. This discretion surely includes the power to determine *when* an award of costs imposed as a discovery sanction shall be paid." *Industrial Aircraft Lodge 707, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp., Pratt & Whitney Aircraft Div.*, 104 F.R.D. 471, 473 (D. Conn. 1985) (emphasis in original) (citations omitted). Indeed, fixing such a payment deadline is entirely appropriate. *See, e.g., Rollins v. St. Jude Med., Inc.*, Civ. A. No. 08-0387, 2010 WL 1751822, at *5 (W.D. La. Apr. 28, 2010) (making award of attorney's fees on motion to compel payable within 15 days of entry of the order); *Tango Transport, LLC v. Transport Int. Pool, Inc.*, Civ. A. No. 5:08-cv-0559, 2009 WL 3254882, at *9 (W.D. La. Oct. 8, 2009) (awarding attorney's fees and costs as a sanction and ordering the amount "to be paid by Tango to TIP within 30 days of the date of this order"); *Hyginus v. Ochsner Clinic, LLC*, Civ. A. No. 23-2895, 2025 WL 886768, at *6 (E.D. La. Mar. 21, 2025) (awarding attorney's fees in connection with a motion to compel and ordering payment no later than twenty-one days from the issuance of the order);

---

³ (15.4 hours at $295 per hour (David K. McCrory)) + (10.2 hours at $230 per hour (Valerie V. Guidry)) = $6,889.00.

*Creecy v. Metropolitan Property and Cas. Inc. Co.*, 548 F.Supp.2d 279, 288 (E.D. La. 2008) (awarding attorney's fees in connection with a motion to compel and ordering payment within 20 days of the signing of the order); *Fiamma Partners, LLC v. Morningstar*, No. 3:16-CV-I402-K, 2018 WL 4333993, at *3 (N.D. Tex. Jan. 9, 2018) (awarding attorney's fees and costs and making the award payable within thirty days of the order); *Abraham v. Cavender Boerne Acquisition of Texas, Ltd.*, No. SA-10-CA-453-XR, 2011 WL 13127173, at *12 (W.D. Tex. Apr. 26, 2011) (awarding "reasonable expenses, including attorneys' fees, for the making of defendant's Motion to Compel, in an amount to be specified by subsequent Order of this Court following submission of proof by defendant, such fees to be paid within fourteen (14) days of the subsequent Order of this Court."). As such, with respect to the awards pursuant to Rule 37(a)(5) of expenses, including reasonable attorney's fees, in connection with plaintiff's first and second Motions to Compel, those awards shall be due and payable within thirty (30) days after the date of this Memorandum Order.

The award of attorney's fees in connection with plaintiff's motion for partial summary judgment presents a different issue, however. As part of its summary judgment motion, Plaintiff requested, and was awarded, attorney's fees pursuant to the terms of the parties' mineral sublease agreement that forms the basis for this litigation. Docs. 22, att. 1, p. 7; 31, p. 4. As the judgment on plaintiff's motion for partial summary judgment did not resolve all of plaintiff's claims in this matter and was not certified as a final judgment, both the judgment and its related fee award remain subject to review and revision. *See* Fed. R. Civ. P. 54(b). Consequently, the court declines to set a deadline for payment of this award bat this time; instead, such amounts are more appropriately pursued after final judgment.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that an award of $6,889.00 in reasonable expenses, including attorney's fees, is entered in favor of plaintiff Olympia Minerals Leasing, LLC, and against defendants J-Lu Ltd Co LLC and James Michael Roberson, jointly, in connection with plaintiff's second Motion to Compel [doc. 47] pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that the Motion for Order Setting Deadline to Pay Attorney's Fees [doc. 51] is **GRANTED IN PART**, insofar as J-Lu Ltd Co LLC and James Michael Roberson, jointly, shall pay to plaintiff Olympia Minerals Leasing, LLC, the sums of $2,780.00 previously awarded in connection with plaintiff's first Motion to Compel [docs. 16, 24, 80] and $6,889.00 herein awarded in connection with plaintiff's second Motion to Compel [docs. 47, 60], all within thirty (30) days after the date of this order.

**IT IS FURTHER ORDERED** that the Motion for Order Setting Deadline to Pay Attorney's Fees [doc. 51] is **DENIED IN PART**, insofar as the court declines to set a deadline for the payment by J-Lu Ltd. Co. LLC of the $6,257.00 awarded to plaintiff Olympia Minerals Leasing, LLC, pursuant to this court's order [doc. 37] on the Motion for Attorney Fees [doc. 33], as such order is not a final judgment.

**THUS DONE AND SIGNED** in chambers this 26th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**