UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OLYMPIA MINERALS LEASING LLC** | **:** | **DOCKET NO. 2:22-cv-05754** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **J-LU LTD CO LLC, ET AL.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is plaintiff's Affidavit and Statement of Fees [doc. 83] filed pursuant to this court's Order [doc. 82] granting plaintiff's Motion for Discovery Sanctions [doc. 62]. The time for response has passed with none being filed, making the matter ripe for resolution. For the reasons set forth below, the court finds plaintiff should receive an award of $5,680.00 in reasonable expenses, including attorney's fees.

## I.
### BACKGROUND

On September 26, 2025, the court granted plaintiff's Motion for Discovery Sanctions. Doc. 82. In the Order granting the Motion, the court found it appropriate to award plaintiff reasonable expenses incurred in filing the motion, as mandated by Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. *Id.* at p. 4. In compliance with that order, plaintiff filed into the record a Statement of Fees supported by an affidavit of expenses and an itemization of the costs and fees. Doc. 83. Defendants were afforded seven days to respond to the affidavit [doc. 82, p. 7], but did not do so.

## II.
### LAW AND ANALYSIS

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). There is a strong presumption that an award calculated through the

lodestar method is the reasonable fee. *Id.* To calculate the lodestar, the court needs to know the amount of time worked and hourly rates charged. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court must also determine whether the time worked and hourly rates are reasonable. *Id.*

As the party seeking the expense reward, plaintiff bears the burden of proving the reasonableness of the number of hours expended and the hourly rate. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Parties who submit vague or incomplete fee applications "'take their chances' that the district court will reject or reduce fee awards." *Id.* (quoting *Kellstrom*, 50 F.3d at 326–27). Plaintiff claims its attorneys David K. McCrory and Valerie V. Guidry spent 10.6 and 11.1 hours, respectively, on the Motion for Sanctions. Doc. 83, ¶ 7. The itemization entries attached to the affidavit [doc. 83, att. 1] were specific as to the work completed and all such work was relevant to the Motion for Sanctions. Accordingly, the court finds the amount of time spent on the Motion was reasonable.

Further, plaintiff's counsel claims hourly rates of $295 per hour for David K. McCrory and $230 per hour for Valerie V. Guidry. Doc. 83, ¶¶ 5-6. These hourly rates are reasonable considering each attorney's experience level and the customary fees fixed by their law firm.[1] *See Billy Navarre Chevrolet Inc. v. Gotham Ins. Co.*, No. 2:22-CV-02749, 2023 WL 6036357, at *2 (W.D. La. July 20, 2023) (finding rates of $375 per hour for a partner and $250 per hour for an associate reasonable); *Bertram v. Progressive Southeastern Ins. Co.*, No. 19-01478, 2021 WL 433976, at *5 (W.D. La. Feb. 8, 2021) (finding $350 per hour to be a reasonable and appropriate rate). Moreover, "'[i]f the hourly rate sought is not opposed, it is prima facie reasonable.'"

---

[1] The affidavit states that both attorneys have over fifteen years of experience handling environmental contamination cases and that Ottinger Hebert, LLC's customary fee for attorneys at this level ranges from $270 to $350 per hour. Doc. 83, ¶¶ 3-6.

*Alvarado v. Boyd Gaming Corp.*, No. 2:23-CV-00961, 2024 WL 4026027, at *2 (W.D. La. Aug. 28, 2024) (quotng *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 640026, at *2 (E.D. La. Feb. 15, 2024)); *see also Miller*, 2023 WL 35761 at *3 & n.15 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990)).

Accordingly, the court finds an award of $5,680.00 [2] is reasonable and should be awarded to plaintiff as attorney's fees and costs in connection with its Motion for Discovery Sanctions [doc. 62].

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that an award of $5,680.00 in reasonable expenses, including attorney's fees, is entered in favor of Olympia Minerals Leasing, LLC, and jointly against defendants J-Lu Ltd Co LLC and James Michael Roberson in connection with plaintiff's Motion for Discovery Sanctions [doc. 62] pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

**IT IS FURTHER ORDERED** that J-Lu Ltd Co LLC and James Michael Roberson shall pay plaintiff the $5,680.00 herein awarded within thirty (30) days after the date of this order.

**THUS DONE AND SIGNED** in chambers this 9th day of October, 2025.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**

---

[2] (10.6 hours at $295 per hour (David K. McCrory)) + (11.1 hours at $230 per hour (Valerie V. Guidry)) = $5,680.00.